**Opinion filed January 13, 2011**



# In The

# Eleventh Court of Appeals

—————

## No. 11-09-00173-CR

—————

## JOSHUA LEE GOAD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-34,874**

## O P I N I O N

The jury convicted Joshua Lee Goad of burglary of a habitation with the intent to commit theft and assessed his punishment at fifteen years confinement and a fine of $2,500. We reverse and remand for a new trial.

### I. *Background Facts*

Julie Bickle and her friend Ami Howsey were at Bickle's house drinking coffee one afternoon. Bickle heard a knock and answered the door. Goad and a friend were there, and they accused her of having one of Goad's dogs. Bickle knew Goad because he lived in the

neighborhood. She told Goad that his dog was not there. He asked for permission to search the house. She said no. Goad and his friend became upset and started calling her names. The conversation lasted five minutes before Goad and his friend left. Howsey's car was parked in the carport. Howsey and Bickle decided to move it to the front of the house. They did so and then went back into the kitchen. Because the car was moved, someone approaching the house from the rear would not necessarily realize that anyone was home. Bickle saw the curtains in the living room move and then saw Goad trying to come into the house through a window that faced the backyard. She screamed. Goad jumped back and slammed the window shut and then ran across the backyard and jumped over the fence.

## II. *Discussion*

Goad challenges his conviction with six issues, but we need only address the first. Goad argues that the trial court abused its discretion by not including a lesser included offense in the jury charge. Goad asked the trial court to instruct the jury on the lesser included offense of criminal trespass. The trial court refused that request and charged the jury only on burglary of a habitation with the intent to commit theft.

To determine if an instruction on a lesser included offense is warranted, we first ask if the lesser included offense is included within the proof necessary to establish the offense charged. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). The State concedes that criminal trespass is a lesser included offense of burglary of a habitation with the intent to commit theft. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). We next ask if there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673. We must review all the evidence presented at trial in making this determination. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). We do not consider the credibility of the evidence or whether it conflicts with other evidence. *Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009). The fact that the State, in the course of proving the offense charged, may also have proved a lesser offense does not entitle Goad to a charge on the lesser included offense. *Gibbs v. State*, 819 S.W.2d 821, 832 (Tex. Crim. App. 1991). Rather, evidence from some source must affirmatively raise the issue of the lesser offense. *Bignall*, 887 S.W.2d at 24.

The distinction between criminal trespass and burglary of a habitation is the defendant's mental state. Burglary of a habitation requires proof that Goad entered Bickle's home with the

intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). Criminal trespass requires only proof that Goad entered or remained in Bickle's home without her effective consent and that he either had notice his entry was forbidden or failed to leave after receiving notice to do so. TEX. PENAL CODE ANN. § 30.05 (a) (Vernon Supp. 2010).

The State contends that there was no affirmative evidence that Goad was guilty only of criminal trespass because there was no evidence that he entered her home without the intent required to commit a burglary. Goad argues that the evidence he was looking for his dog, coupled with the lack of evidence of an actual theft or the presence of any tools or supplies used to commit a theft, justified a criminal trespass instruction. The State responds that this is not affirmative evidence of criminal trespass but would merely allow the jury to make an assumption. The State's position is, apparently, that Goad was entitled to a lesser included instruction only if someone specifically testified that he entered the house to look for his dog. We disagree. A request for a lesser included instruction is not an affirmative defense. The issue must be affirmatively raised by the evidence, but Goad has no burden of production or persuasion. If, based upon consideration of all the evidence presented, the jury could rationally conclude that Goad was looking for his dog, then he was entitled to an instruction.

There was no dispute that Goad told Bickle he was looking for his dog and that he asked for permission to search her house. Two Odessa Police Officers testified that they believed this was a ruse and that Goad was merely checking to see if anyone was home. The jury could find this testimony persuasive, but we, however, are precluded from making any credibility determination. *Young*, 283 S.W.3d at 875-76. The question is whether a jury could reasonably disagree with the officers. Bickle had four dogs of her own. It is not unreasonable to believe that, if Goad's dog was missing, he would check neighbor's houses, particularly houses that had other dogs. Goad's story, therefore, was not illogical. The fact that Goad did not quickly depart after Bickle opened the door but, instead, got into a heated, five-minute argument when she refused him permission to search her house leads credence to Goad's argument. Finally, the jury could consider the fact that, when Goad was crawling through Bickle's window, he had no tools or anything with which to carry away stolen property.

A rational factfinder could determine that Goad was not entering Bickle's house to steal but was looking for his dog. Because Goad's intent was a disputed fact question, the trial court erred when it denied Goad's requested instruction. Issue One is sustained.

3

### III.  *Conclusion*

The judgment of the trial court is reversed, and this case is remanded to the trial court for a new trial.


RICK STRANGE

JUSTICE


January 13, 2011

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.