**Joshua Lee GOAD, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0435–11.**

Court of Criminal Appeals of Texas.

Nov. 9, 2011.

M. Michele Greene, Odessa, Attorneys for Appellant.

Michael A. Mark, Asst. State Prosecuting Attorney, Lisa C. McMinn, State's Attorney, Austin, Attorneys for State.

### OPINION

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, HERVEY, and COCHRAN, JJ., joined.

The Eleventh Court of Appeals reversed Joshua Lee Goad's conviction for burglary

of a habitation, holding that the trial judge erred by denying Goad's request for a lesser-included-offense instruction on criminal trespass.[1] We agree that Goad is entitled to an instruction on criminal trespass and therefore affirm the court of appeals's judgment.

## BACKGROUND

Julie Bickle and her friend, Ami Howsey, were at Bickle's house in Odessa one afternoon having coffee. Bickle's eight-year-old son, who was home early from school, was on a couch in the living room watching television. The kitchen and the living room comprise a large open space in the house, and Bickle could see her son on the couch from where she and Howsey were having coffee in the kitchen.

Goad and his friend came to Bickle's house and knocked on the door. When Bickle answered, Goad said his pit bull was missing and asked her if he could search her house. Bickle, who knew Goad because he lived in the neighborhood, told him that she did not have his dog and denied his request to come inside. Goad became upset and an argument ensued. During the argument, which lasted about five minutes, Goad called Bickle some "choice words" and said she was "going to get hers." After Goad and his friend left, Bickle and Howsey moved Howsey's car around to the other side of the house to make it look like no one was home in hopes that Goad would not bother them further.

Fifteen minutes later, Bickle saw the window curtains behind the couch in her living room start to move. Howsey saw Goad and his friend stick their heads through the window. Goad had knocked out a plastic window covering and started "coming through" the window. Bickle started screaming, and Goad and his friend retreated through the backyard and drove off in Goad's girlfriend's car. Bickle called the police, who eventually apprehended Goad.

The State charged Goad with burglary of a habitation. The indictment alleged that Goad had entered Bickle's house with intent to commit theft. At trial, Bickle, her son, and Howsey testified to the facts set out above. Odessa Police Officer Tommy Jones, who had followed up on Bickle's call, testified that he believed Goad's behavior was consistent with one who was entering another's home to steal property. At the charge conference, the trial judge denied Goad's request for an instruction on criminal trespass. The jury convicted Goad and sentenced him to twenty years' imprisonment.

Goad appealed, arguing, among other things, that the trial judge erred by denying his request for a lesser-included-offense instruction. The court of appeals agreed, holding that the jury rationally could have found Goad guilty only of criminal trespass because the jury could have believed that Goad was looking only for his dog.[2] It relied on the following to support that Goad lacked intent to commit theft: Bickle testified that Goad and his friend came to her house prior to the break-in and told her that they were looking for Goad's dog. Bickle knew that Goad kept dogs as pets. When Bickle refused to let Goad and his friend into her home, Goad became upset and argued with Bickle for about five minutes. Goad and his friend then attempted to enter Bickle's home only fifteen minutes later. There was no evidence that Goad had burglar's tools or "anything with which to carry away stolen

1. *Goad v. State*, 333 S.W.3d 361, 362–64 (Tex. App.-Eastland 2011).

2. *Id.* at 363.

property."[3] When Bickle yelled at Goad as he was climbing through her window, Goad retreated and did not actually take anything from Bickle's home. We granted the State's petition for discretionary review of the following ground: "Does a trial court abuse its discretion by refusing to submit a lesser included instruction that is only 'supported' by unrelated hearsay admitted through the victim?"

### LESSER-INCLUDED-OFFENSE INSTRUCTION

■ Determining whether a defendant is entitled to a lesser-included-offense instruction requires a two-part analysis.[4] We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense.[5] If so, we must decide whether the admitted evidence supports the instruction.[6]

■ Criminal trespass can be a lesser-included offense of burglary of a habitation.[7] "An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."[8] A person commits the offense of criminal trespass if he "enters . . . property of another, including residential land [or] a building . . . without effective consent and the person had notice that the entry was forbidden or received notice to depart but failed to do so."[9] The State charged Goad with "intentionally or knowingly, without the effective consent of Julie Bickle, the owner, enter[ing] a habitation owned by Julie Bickle, with intent to commit the offense of theft."[10] The offense of criminal trespass is established by proof of the facts of burglary of a habitation as Goad was charged, less proof of the specific intent to commit theft.[11]

■ The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense.[12] "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."[13] We consider all of the evidence admitted at trial, not just the evidence presented by the defendant.[14] The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense.[15] "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge."[16] However, we may not consider "[t]he credibility of the evidence and

3. *Id.* at 364.

4. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim.App.2007).

5. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim.App.2011); *Hall*, 225 S.W.3d at 535.

6. *Rice*, 333 S.W.3d at 144.

7. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim.App.1985); *Day v. State*, 532 S.W.2d 302, 304–06 (Tex.Crim.App.1976).

8. Tex.Code Crim. Proc. art 37.09(1); *accord. Rice*, 333 S.W.3d at 144.

9. Tex. Penal Code § 30.05(a).

10. *See* Tex. Penal Code § 30.02(a)(1) (providing the offense of burglary of a habitation).

11. *See Aguilar*, 682 S.W.2d at 558; *Day*, 532 S.W.2d at 304–06.

12. *Rice*, 333 S.W.3d at 145.

13. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex.Crim.App.2003).

14. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993).

15. *Rice*, 333 S.W.3d at 145.

16. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994).

whether it conflicts with other evidence or is controverted." [17]

Judge Alcala's concurrence argues that courts of appeals should apply an abuse of discretion standard in determining whether a trial judge erred by refusing a lesser-included-offense instruction. But even if this were a preferable standard, it would affect neither our review of the court appeals's opinion nor the outcome in this case. Moreover, we did not grant review to determine the proper standard of review, and neither party has briefed this issue. Therefore, it would be inappropriate to address it.

■ The State argues that the evidence is insufficient to raise the issue of criminal trespass. First, while conceding that a rational jury could infer from this evidence that Goad lacked intent to commit theft, the State contends that the evidence is not "affirmative evidence directly germane" to Goad's lack of intent to commit theft. Second, it argues that the lack of evidence that Goad had burglar's tools or "anything with which to carry away stolen property" is not affirmative evidence from which a rational jury could find that Goad lacked intent to commit theft. Third, the State argues that simply because Goad failed to steal property from Bickle as he was entering through the window is similarly insufficient to raise the issue of criminal trespass. And fourth, the State points out that there was no evi-

dence that Goad called for his dog or continued his argument with Bickle.

Even if we were to agree with the second through fourth points, our disagreement with the first is dispositive of the State's sole ground for review. Bickle's testimony that Goad had told her that he was at her house to look for his dog, argued with her for several minutes because he believed she was being unreasonable, and entered her home only fifteen minutes later is affirmative evidence directly germane to whether Goad lacked intent to commit theft.[18] This evidence would permit a rational jury to believe that Goad was only looking for his dog when he entered Bickle's home and therefore support a criminal trespass instruction.[19] We do not mean to suggest that had Goad broken into Bickle's home a month later, a rational jury could infer that Goad lacked intent to commit theft. But while a jury would have to infer that Goad was only looking for his dog when he entered Bickle's home fifteen minutes after he argued with her about being able to search her home for his dog, this inference would be rational based on the evidence admitted at trial.

■ A defendant's testimony that he lacked intent to commit a felony when entering another's property is sufficient to support a criminal trespass instruction.[20] But we disagree with the State that direct

**17.** *Banda v. State,* 890 S.W.2d 42, 60 (Tex. Crim.App.1994).

**18.** *See Hampton,* 109 S.W.3d at 441.

**19.** *Cf. Waddell v. State,* 918 S.W.2d 91, 94 (Tex.App.-Austin 1996, no pet.) (holding that testimony about defendant's statement that he was looking for his sister's cat, combined with the defendant's sister's testimony that she sent him to look for her cat, rationally supported an inference that he lacked intent to commit theft).

**20.** *See, e.g., Mitchell v. State,* 807 S.W.2d 740, 742 (Tex.Crim.App.1991) ("Appellant testified that he did not intend to commit theft on the complainant's property."); *Moreno v. State,* 702 S.W.2d 636, 640 (Tex.Crim.App.1986) (appellant testified that he entered neighbor's mobile home to investigate curious events); *Day v. State,* 532 S.W.2d 302, 306–07 (Tex. Crim.App.1975) (appellant testified he entered restaurant to investigate what appeared to be a break-in).

evidence of the defendant's lack of intent to commit theft when entering another's home, such as the defendant's testimony, is necessary to support a criminal trespass instruction. We must consider all of the evidence admitted at trial, not just the direct evidence of a defendant's intent.[21] Moreover, we previously have held that a victim's testimony about what the defendant said to her was affirmative evidence of the defendant's lack of intent and thereby supported a lesser-included-offense instruction. In *Schmidt v. State*,[22] we concluded that the defendant, charged with retaliation for services as a prospective witness, was entitled to a lesser-included-offense instruction on assault.[23] The victim testified that she and the defendant, her boyfriend, were arguing about their relationship problems when the defendant struck her and that the defendant said nothing to her during the argument about her giving a statement to the police.[24] We held that the victim's testimony was affirmative evidence directly germane to whether the defendant lacked intent to threaten his girlfriend for her services as a prospective witness and that a jury rationally could infer from that evidence that he lacked that intent.[25]

The State relies on *Mays v. State*[26] to argue that even if Bickle's testimony supports that Goad was looking for his dog when he first arrived at Bickle's home, it is not affirmative evidence that he had that same intent at the moment when he en-

tered her home fifteen minutes later. However, *Mays* is not analogous. In *Mays*, the appellant was charged with capital murder and requested, but was denied, lesser-included-offense instructions on manslaughter and criminally negligent homicide.[27] The appellant relied on evidence that he had been diagnosed with psychosis, paranoid ideations, and a thought disorder to support his contention that he lacked the requisite mental state for capital murder when he killed the victim.[28] We held that this was not affirmative evidence that the appellant "did not intend [the victim's] death or know that it was reasonably certain to occur" at the time he killed the victim.[29] But in the present case, Bickle's testimony that Goad stated he was looking for his dog is affirmative evidence of Goad's mental state when he entered Bickle's home fifteen minutes after his statement.[30]

■ Furthermore, the State's reliance on Officer Jones's testimony that Goad's behavior was consistent with someone casing a home to burglarize is misplaced. This evidence is not dispositive of our inquiry because it would, at most, contradict the theory that Goad was just looking for his dog.[31] It does not mean the jury could not rationally believe that Goad was just looking for his dog. Resolving conflicts in evidence is the jury's job, not ours when determining whether the evidence supports a lesser-included-offense instruc-

---

21. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993).

22. 278 S.W.3d 353 (Tex.Crim.App.2009).

23. *See id.* at 364.

24. *Id.* at 363–64.

25. *Id.* at 364.

26. 318 S.W.3d 368 (Tex.Crim.App.2010).

27. *Id.* at 386.

28. *Id.*

29. *Id.* at 387.

30. *See Schmidt,* 278 S.W.3d at 363–64.

31. *Banda,* 890 S.W.2d at 60.

tion.[32]

Finally, even assuming that Goad intended to look for his dog upon entry into Bickle's home, it is arguable that this does not necessarily prove that he did not also intend to commit theft. This argument would fail because, even if one could not logically deduce from this evidence that Goad must have lacked intent to commit theft, that is not the proper standard of our analysis.[33] The relevant inquiry is whether there is some evidence that would permit a rational jury to believe that Goad's intent was to commit criminal trespass.[34] The evidence supports an inference that Goad was looking for his dog, and a jury that accepted this inference could rationally believe Goad lacked intent to commit theft.[35]

## CONCLUSION

The court of appeals did not err in holding that the evidence supports a lesser-included-offense instruction on criminal trespass. We therefore affirm the court of appeals's judgment.

KELLER, P.J., filed a concurring opinion.

ALCALA, J., filed a concurring opinion.

JOHNSON, J., concurred in the judgment.

32.  *See id.*

33.  *See Rice,* 333 S.W.3d at 145.

34.  *Id.*

35.  *See Schmidt,* 278 S.W.3d at 363–64; *Waddell,* 918 S.W.2d at 94.

1.  *Gear v. State,* 340 S.W.3d 743, 748 n. 9 (Tex.Crim.App.2011).

2.  *Evans v. State,* 202 S.W.3d 158, 165 (Tex. Crim.App.2006) (when evidence "gives rise to at least two, reasonably equal, plausible infer-

KELLER, P.J., concurring.

I think Goad was entitled to an instruction on criminal trespass because (1) the jury had to make some kind of inference in order to find him guilty of *either* the charged offense or the lesser, (2) inferences supporting both offenses were rational, and (3) there was affirmative evidence to support the lesser offense.

A jury may infer intent to commit theft from a forcible entry into the home.[1] In this case, there was no testimony about Goad's intent specifically, so a jury would have had to make that inference in order to find him guilty of burglary. But while that inference is permissible, it would also be rational for a jury to infer from the evidence that Goad was just looking for his dog. Juries are entitled to choose among multiple reasonable inferences, as long as each inference is supported by the evidence presented at trial.[2] Here, at least two rational inferences were supported by the evidence.

In *Hooper* we discussed the difference between inference and speculation.[3] While *Hooper* dealt with sufficiency of the evidence, the distinction it draws is nevertheless helpful in the context of lesser offenses. Where there is no testimony as to intent, the inference necessary to find guilt of the lesser offense might be so attenuated that it would amount to speculation, and therefore be an inadequate basis for sub-

ences .... it is clearly the jury that makes the choice of which inference to accept"). *See also Sweed v. State,* 351 S.W.3d 63, 69 (Tex. Crim.App.2011) (fifteen to thirty minute delay between theft and assault and intervening activities raised competing inferences regarding whether the defendant was still fleeing from the theft at the time of the assault).

3.  *Hooper v. State,* 214 S.W.3d 9, 15, 16 (Tex. Crim.App.2007).

mission of the lesser. For instance, if the break-in in this case had occurred a month after the dog incident, the testimony about the incident would probably not entitle Goad to submission of criminal trespass. The inference necessary to find guilt of the lesser would be so attenuated that it would not be sufficiently based on facts or evidence.[4]

In sufficiency reviews, courts determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence" when viewed in the light most favorable to the verdict.[5] For a jury instruction on a lesser-included offense to be warranted, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense.[6] In determining whether a lesser offense is a valid rational alternative to the greater offense in cases where intent must be inferred, I think the question to be answered is "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence" when viewed in the light most favorable to the submission of the lesser offense.

Finally, not all inferences as to intent are rational. Absent affirmative evidence, such as exists in this case, any inference that a defendant possessed a lower mental state than that for the charged offense would be mere speculation. The lesser offense would not be raised because, to borrow *Hooper*'s terms, it would not be sufficiently based on facts or evidence.

I join the opinion of the Court.

ALCALA, J., concurring.

I write separately to address (1) why the standard of review that appellate courts should apply when reviewing the trial court's decision to give or to refuse an instruction on a lesser-included offense is abuse of discretion, (2) how the abuse-of-discretion standard should be applied by appellate courts depending on whether the trial court's decision is based on direct evidence of a lesser-included offense or on circumstantial evidence, and (3) why I believe the trial court abused its discretion by denying the lesser-included-offense instruction in this case. Although we have repeatedly explained the substantive test that trial courts must apply in deciding whether to give a lesser-included-offense instruction, our Court has failed to clearly state and consistently apply the appellate standard of review for determining whether the trial court erred in that decision. This is problematic because the review standard determines the strength of the lens through which an appellate court may examine an issue on appeal. *See* RUGGERO J. ALDISERT, OPINION WRITING 53 (West Publishing Co.1990) (explaining that "[s]tandards of review are critically important in appellate decision making" and elevating "the necessity of stating the review standard to a question of minimum professional conduct."). The question of what standard of review applies is, therefore, relevant in every case, as the amount of deference owed to a trial court's decision affects appellate analysis and is often outcome determinative. For example, what might be considered error under a *de novo* standard of review might not be considered error under an abuse-of-discretion standard.

I do not join the majority opinion because it fails to specify whether it is reviewing the trial court's denial of the lesser-included-offense instruction under the

---

4. *See id.*

5. *Id.*

6. *Segundo v. State,* 270 S.W.3d 79, 91 (Tex. Crim.App.2008).

second prong for an abuse of discretion. I believe our opinions should clearly and consistently specify that we review a trial court's decision under the second prong for an abuse of discretion and that we will not reverse that decision unless it is outside the zone of reasonable disagreement. I also conclude that the amount of deference that an appellate court owes a trial court under the abuse-of-discretion standard may be affected depending on whether the evidence supporting the lesser-included offense is direct evidence or indirect, circumstantial[1] evidence. I conclude that, in this case, the trial court did abuse its discretion by refusing to give the lesser-included-offense instruction.

## I. Standard of Review Applicable to Lesser–Included–Offense Instructions

The standard of review applicable to lesser-included-offense instructions depends on which of the two substantive prongs the court is reviewing. The substantive two-pronged test for determining whether a trial court is required to instruct on a lesser-included offense is well established: the first prong requires that the lesser-included offense be included within the offense charged, and the second prong requires that there be some evidence that would permit a jury to rationally find that if a defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim.App.1993); *Hall v. State*, 225 S.W.3d 524, 536 (Tex.Crim.App.2007). We have explicitly stated that the first prong is a matter-of-law determination, and, therefore, *de novo* review is appropriate. *See Hall*, 225 S.W.3d at 535. On a couple of occasions, our Court explicitly described appellate review of the second prong as abuse of discretion.[2] But we have never explained why this is the appropriate standard of review for that prong nor how that standard affects our analysis of that prong. Furthermore, our Court is inconsistent in its explicit application of the abuse-of-discretion standard for reviewing the second prong, and we usually, as here, do not mention what standard of review we are applying in our lesser-included-offense-instruction decisions. *See, e.g., Sweed v. State*, 351 S.W.3d 63 (Tex.Crim.App.2011) (not yet reported). For these reasons, an intermediate appellate court attempting to abide by this Court's authority would find this Court's precedent unclear concerning the standard of review applicable to the second-prong analysis.

Federal courts, which apply the same substantive two-pronged test in evaluating

---

1. Because the law uses the terms "circumstantial evidence" and "indirect evidence" interchangeably, I refer to evidence that is based on inference and not on personal knowledge or observation as "circumstantial evidence." *See* BLACK'S LAW DICTIONARY 595 (8th ed.2004); *Shippy v. State*, 556 S.W.2d 246 (Tex.Crim.App.1977) (Phillips, J., concurring) ("We have three classes of evidence: (1) Direct or testimonial evidence; (2) indirect or circumstantial evidence; (3) autoptic preference, or real evidence.") (internal quotations omitted).

2. Although we have never discussed what standard of review we apply in analyzing trial-court rulings on lesser-included instructions, we have, in at least one case, concluded that the "trial court did not abuse its discretion in concluding that there was no evidence that would permit a jury rationally to find that appellant" was guilty only of the lesser-included offense. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex.Crim.App.2004); *see also Gongora v. State*, No. AP–74,636, 2006 WL 234987, 2006 Tex.Crim.App. LEXIS 2531 (Tex.Crim.App. Feb. 1, 2006) (not designated for publication) ("The trial court did not abuse its discretion in refusing to give the lesser-included offense instruction."). Moreover, we have never explicitly stated that we apply a review standard other than an abuse-of-discretion standard.

instructions on lesser-included offenses,[3] apply the same two standards of review that our Court has expressly applied intermittently in the past, and I agree that they are the appropriate standards.[4] I also believe that, like many of the opinions by federal courts, our opinions should consistently specify what standard of review we are applying and how the applicable standard affects our analysis of the purported error.

In examining the evidence under the second prong, the trial court examines the record in two ways: It looks for any evidence that tends to show that the defendant is guilty only of a lesser-included offense, and it also examines all the evidence to determine whether the lesser of-

fense is a rational alternative to the greater offense. *See Rousseau*, 855 S.W.2d at 672–73. As to the former, the trial court initially determines if there is any evidence, credible or not, from any source that shows that the defendant is guilty of the lesser offense and not guilty of the greater offense.[5] The trial court does not weigh the credibility of the evidence for the purpose of deciding whether to give the instruction and must presume that the evidence is true. *See Young v. State*, 283 S.W.3d 854, 875–76 (Tex.Crim.App.2009) ("The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a

---

**3.** *See United States v. Mays*, 466 F.3d 335, 341 (5th Cir.2006) ("A defendant is entitled to a lesser-included-offense instruction if '(1) the elements of the lesser offense are a subset of the elements of the charged offense (statutory elements test), and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense yet acquit him of the greater.'") (quoting *United States v. Avants*, 367 F.3d 433, 450 (5th Cir.2004)).

**4.** We followed the federal standard in imposing a rationality requirement to the second prong of the test. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993) (citing *Cordova v. Lynaugh*, 838 F.2d 764, 767 (5th Cir.1988)). It is thus appropriate to look to the circuit courts' standard for reviewing that prong, which is an abuse of discretion. *See, e.g., Mays*, 466 F.3d at 341–42 ("The first prong of this test, examining the elements, is reviewed *de novo*, while the second prong, evaluating the sufficiency of the evidence for a finding of guilt on the lesser-included offense, is reviewed for abuse of discretion."); *United States v. Mullins*, 613 F.3d 1273, 1284 (10th Cir.2010) (same); *United States v. Pedroni*, 958 F.2d 262, 268 (9th Cir.1992) ("The district court's decision whether a jury rationally could conclude that the defendant was guilty of the lesser offense and not guilty of the greater is reviewed for an abuse of discretion. In reviewing for abuse of discretion this court must consider the instructions as a whole and in the context of the entire trial.").

**5.** Our cases have uniformly held that a defendant is entitled to an instruction on a lesser-included offense if evidence from any source affirmatively raises the issue, regardless of whether the evidence is "strong, weak, unimpeached, or contradicted." *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985); *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App.1994) ("[T]he jury is the sole judge of the credibility of the witnesses, and it does not matter whether the evidence is strong, weak, unimpeached or contradicted."); *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998) (same). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Hall v. State*, 225 S.W.3d 524, 536 (Tex.Crim.App.2007); *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex.Crim.App.2001). A defendant's testimony alone is sufficient to raise an issue. *Bell*, 693 S.W.2d at 442; *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex.Crim.App.1991). Furthermore, the trial court does not "determine the weight to be given the evidence; rather it is the jury's duty, under proper instruction, to determine whether the evidence is credible and supports the lesser included offense." *Moore v. State*, 969 S.W.2d 4, 11 (Tex.Crim.App.1998); *see also Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App.1995) (observing that whether "guilty only" evidence is compelling has not been considered in determining whether trial court erred in refusing instruction).

lesser-included offense should be given."). Because the trial court does not make any credibility determinations and must consider all evidence regardless of its quality, this portion of the second-prong analysis strictly concerns a matter of law. *De novo* review is, therefore, appropriate because minimal deference to the trial court's assessment of the evidence is necessary. *Compare Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997).

But the second prong also requires the trial court to examine the rationality of the lesser offense as an alternative to the greater offense. *See Rousseau*, 855 S.W.2d at 672–73. After examining the record for all evidence that tends to establish a lesser offense, a trial court, presuming the truth of all the evidence, must then decide whether the evidence supports the lesser offense as a valid, rational alternative to the charged offense. *See Feldman v. State*, 71 S.W.3d 738, 750 (Tex.Crim.App.2002). A trial court determines whether a lesser offense is a valid, rational alternative to the charged offense by examining the evidence tending to support the lesser offense in the context of all the evidence that has been presented at trial. *Id.* Although the trial court presumes the credibility of all the evidence in deciding whether to instruct on a lesser-included offense, it is still in a better position than the appellate court to assess the evidence and determine whether the lesser-included offense is a rational alternative to the offense charged. This is because, unlike the appellate court, the trial court has the benefit of examining the physical appearance, demeanor, and cadence of speech of the witnesses and determining whether testimony is sarcastic, vague, or otherwise lacks clarity. *See Guzman*, 955 S.W.2d at 87. Because the trial court received the evidence firsthand, the appellate court should review the trial court's decisions under the second prong only for an abuse of discretion.[6]

## II. Evaluation of Types of Evidence Under the Abuse–of–Discretion Standard

The amount of deference appellate courts give to the trial court's decision will vary depending on whether they are reviewing a record that contains (A) direct evidence of a lesser-included offense or (B) circumstantial evidence from which inferences may be drawn.

### A. Direct Evidence of a Lesser–Included Offense

When the record contains direct evidence, such as a defendant's statements that he committed an act recklessly and not intentionally or knowingly as charged, the trial court must presume that these statements are true for jury-charge purposes. This evidence raises the lesser-included offense of reckless conduct as a valid, rational alternative to the charged offense because it is some evidence that the defendant possessed a lesser culpable mental state than that alleged in the indictment. The trial court, therefore, must instruct on the lesser-included offense. When any evidence in the record directly supports a lesser-included offense and a lack of guilt on the greater offense, I be-

---

6. Our opinions discuss the abuse-of-discretion standard in jury instructions in other contexts. *See, e.g., Woods v. State*, 152 S.W.3d 105, 115 (Tex.Crim.App.2004) (inclusion of a *"Geesa* instruction" in jury charge); *Paredes v. State*, 129 S.W.3d 530, 538 (Tex.Crim.App. 2004) (denial of appellant's request for accomplice-witness instruction). We have explained that if the trial court is in "an appreciably better position than the reviewing court" to make a determination, deference to the trial court is appropriate. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997); *see also Villarreal v. State*, 935 S.W.2d 134, 139 (Tex.Crim.App.1996) (McCormick, P.J., concurring).

lieve that failure to give the lesser-included instruction is almost always erroneous. *See Young,* 283 S.W.3d at 875–76; *Moore v. State,* 969 S.W.2d 4, 11 (Tex.Crim.App. 1998).

Although case law discussing direct evidence of a lesser-included offense almost always requires the lesser instruction, it does appear that we have applied an abuse-of-discretion standard of review in this situation on at least one occasion. In *Mathis v. State,* we held that Mathis's testimony was not evidence upon which a jury could rationally find that he possessed a less culpable mental state than that alleged in the indictment. 67 S.W.3d 918, 925 (Tex.Crim.App.2002). Mathis testified that "he acted 'recklessly' with the gun and did not intend to kill anyone." *Id.* Noting that "his testimony about the shootings was fraught with inconsistencies," we determined that his testimony did "not amount to evidence upon which a jury could rationally find [he] *only* acted recklessly with respect to killing [the complainant], and not intentionally." *Id.* at 925–26. We observed that, when Mathis killed the complainant, he had already shot and killed a different complainant with two shots to the head and that he had "vacillated" in admitting that he had aimed and fired the gun. *Id.* at 925. Importantly, we concluded that, "[a]part from appellant's own testimony that he did not intend to kill anyone, there was no other evidence in support of such theory, and in fact the

evidence refuted that testimony." *Id.* at 926.[7]

Although we did not explicitly state in *Mathis* that we were reviewing the trial court's rationality determination for an abuse of discretion, I believe that is the standard we implicitly applied when we declined to find that the trial court erred. *See id.* I believe that, in *Mathis,* the trial court should have given the lesser-included-offense instruction for reckless intent based on the appellant's direct testimony that he had that intent. *See id.* However, I also believe that the trial court's ruling was within the zone of reasonable disagreement because the trial court could have reasonably determined that Mathis's testimony about his reckless intent, even presuming that the testimony was credible, did not provide a valid, rational alternative to the greater charged offense in light of the entire circumstances of the offense shown in the record. *See id.* *Mathis* is one of those rare cases in which a trial court would not abuse its discretion either by giving or not giving a lesser-included-offense instruction. *See id.*

Although *Mathis* presents an exception to the rule, the general rule should be that direct evidence of a lesser mental state is evidence supporting a lesser-included offense as a rational alternative to a greater offense because the credibility of all the evidence in the record must be presumed for purposes of giving a jury instruction.

---

7. *Mathis* relies on an earlier decision by our Court in *Wesbrook v. State,* 29 S.W.3d 103 (Tex.Crim.App.2000). *Mathis v. State,* 67 S.W.3d 918, 925 (Tex.Crim.App.2002). In *Wesbrook,* we similarly stated, "The only contrary evidence that this was not an intentional or knowing act is appellant's own assertion that he did not intend to kill. In light of all the evidence in the record, this was not evidence from which a jury could rationally conclude that appellant was guilty only of aggravated assault." *Wesbrook,* 29 S.W.3d at 113–

14. But in *Wesbrook,* the defendant denied any intent to kill as compared to *Mathis,* in which the defendant claimed he acted only recklessly. *See Mathis,* 67 S.W.3d at 925; *Wesbrook,* 29 S.W.3d at 113–14. *Mathis,* therefore, appears to be the only case from this Court, in which direct testimony describing a lower mental state did not require a lesser included-offense-instruction on the lower mental state. *Compare Mathis,* 67 S.W.3d at 925.

I conclude that, although an appellate court should limit its review of a trial court's rationality determination to an abuse of discretion, a trial court is entitled to less deference when the record contains direct evidence of a lesser culpable mental state.

### B. Circumstantial Evidence Supports a Lesser–Included Offense

Circumstantial evidence of a defendant's culpable mental state requires a trial court to determine what inferences a jury may reasonably draw from that evidence. Because inferences drawn from circumstantial evidence are more subjective than conclusions drawn from direct evidence, I believe that an appellate court should defer to a trial court's determination as long as it is within the zone of reasonable disagreement.

If a record contains only circumstantial evidence of deliberate conduct, such as evidence that a victim was shot repeatedly, the State may properly rely on that evidence to establish that the defendant's acts were intentional. *See Gardner v. State,* 306 S.W.3d 274, 285 (Tex.Crim.App.2009) (State may prove "criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence."). But can a defendant rely on that same circumstantial evidence to establish that he acted with some lesser culpable mental state? I believe that the answer to this question is sometimes: sometimes circumstantial facts raise an offense with a less culpable mental state as a valid, rational alternative to the charged offense, and sometimes they do not. It is in these instances that a trial court is charged with the challenging task of determining whether the facts show a valid, rational alternative to the charged offense.

Recently, in *Sweed v. State,* our Court held that the trial court erred by failing to give a lesser-included-offense instruction of theft in a case in which the appellant was charged with aggravated robbery. *Sweed,* at 69–70. The central issue at trial was whether the appellant pulled a knife on the complainant during, or in immediate flight after, the commission of the theft. *Id.* at 69. The record contained evidence of a fifteen- to thirty-minute delay between the appellant's flight following his commission of the theft and the appellant's use of the knife, as well as intervening activities that could support a rational inference that he was no longer fleeing from the theft when he used the knife. *Id.* at 69. We determined that there was more than a scintilla of evidence from which the jury could have reasonably determined that theft was a valid, rational alternative to aggravated robbery. *Id. Sweed* shows that a trial court, without deciding the credibility of the evidence, must evaluate the circumstantial evidence and assess whether a jury could rationally decide that those facts show guilt of only a lesser offense.

But our Court's earlier decisions can seem contrary to this position. As the State points out in this case, we have held that a lesser-included instruction is not required when the basis for the instruction is merely a factfinder's disbelief of certain evidence necessary to prove a greater offense. *See Hampton v. State,* 109 S.W.3d 437, 440–42 (Tex.Crim.App.2003) (rejecting State's argument that since knife, which was necessary to prove aggravating element, was never recovered, jury's finding of guilt for sexual assault was valid rational alternative to charged offense, explaining that it is not enough that jury may disbelieve crucial evidence pertaining to greater offense); *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App.1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998) ("It is not enough that

the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted."). We reaffirmed that position in *Sweed*, 351 S.W.3d at 68. I agree that mere disbelief of evidence necessary to establish a greater offense would not require a lesser-included offense instruction. *See id.*

Contrary to the State's position, there is a line to be drawn here. In one case, the defendant is asking for a lesser-included-offense instruction by arguing that certain evidence necessary to prove the greater offense is not credible or true. *See Hampton*, 109 S.W.3d at 440–42. In another case, the defendant is asking for a lesser-included-offense instruction by presuming the truth of all the evidence presented at trial and arguing that a jury could reasonably infer either that the evidence shows a lesser offense or a greater offense. *See Sweed*, 351 S.W.3d at 68. These cases show that there is a line to be drawn between a record that shows mere disbelief of certain evidence necessary to prove a greater offense, which would not require a lesser-included-offense instruction, and a record that contains circumstantial evidence from which a factfinder could reasonably infer either a greater or a lesser mental state, which would require the lesser instruction.

I conclude that when an appellate court is reviewing a trial court's determination as to the rationality of the inferences reasonably drawn from circumstantial evidence, the appellate court should give great deference to the trial court's decision because the trial court has the benefit of firsthand examination of witness testimony. *See Guzman*, 955 S.W.2d at 87. Because reasonable minds may frequently differ on what inferences may properly be drawn from circumstantial evidence, appellate courts should defer to the trial court's rationality determination when it is within the zone of reasonable disagreement.

## III. Analysis of This Case

This case presents the scenario described in the circumstantial-evidence example in which all the evidence in the record is presumed to be true. Appellant is not relying on disbelief of evidence necessary to establish the greater offense, but is instead accepting the truth of all the evidence for the purpose of the lesser-included-offense instruction. The question here is whether the trial court erred in refusing to instruct on the lesser-included offense of trespass.

As the court of appeals correctly observes, the only distinction between criminal trespass and burglary of a habitation is the defendant's mental state: the latter requires proof of intent to commit a felony, theft, or an assault, and the former does not. *See* TEX. PENAL CODE §§ 30.02(a)(1) & 30.05(a). Appellant did not testify at trial, and the record contains no direct evidence of his mental state when he entered the complainant's home. Rather, the only evidence of appellant's mental state is circumstantial: the record shows that appellant— the complainant's neighbor—and a friend went to the complainant's home, knocked on the door, and accused her of having one of appellant's dogs.[8] The complainant refused appellant's request to allow him to search the house for his pit bull, which the complainant denied having, and appellant "got really upset" and called her several "choice words." Appellant left, and then

---

8. At trial, the complainant, a professed animal lover, testified that dog fighting routinely occurred in appellant's backyard and that she "did not care for him at all."

the complainant moved the car of a visiting friend out of view so it appeared that no one was home. Moments later, the complainant, sitting in her kitchen, saw appellant attempting to enter her house through the living room window. The complainant rushed to the window, slammed it shut, and appellant fled.

In deciding whether the trial court properly refused the lesser-included instruction, we must determine whether, in light of all the evidence presented at trial, the trial court's decision is outside the zone of reasonable disagreement. Based on this circumstantial evidence, the trial court could have determined that a jury could have rationally believed that appellant's initial request for the dog was a ruse to determine if anyone was home and that he later entered with the burglarious intent to commit theft. This evidence supports the greater offense. *See Gardner*, 306 S.W.3d at 285. The trial court also could have determined that a jury could have rationally believed that appellant's initial request for the dog is evidence of his intent to enter the house to search for his own property and not to commit theft. This evidence supports the lesser-included offense. Because both inferences are reasonable, the evidence establishes either guilt for the charged offense of burglary or guilt for only the lesser offense of trespass.

The question is not what our Court would have decided based on a *de novo* review of the record. The question instead is whether any trial-court judge could have reasonably decided that there was no evidence to rationally support a finding of only trespass. I conclude that no trial court could reasonably determine that a jury would be irrational in finding that appellant lacked burglarious intent and, therefore, was guilty only of trespass. Although we should generally defer to a trial court's determination as to what in-ferences a jury may reasonably draw from circumstantial evidence, the record here shows that the trial court abused its discretion in its determination. In light of all the evidence presented at trial, the trial court's decision not to instruct on the lesser-included offense of trespass was outside the zone of reasonable disagreement.

## IV. Conclusion

I believe that the better practice is for trial courts to instruct the jury on all lesser-included offenses when the defendant has stated that he had a lesser culpable mental state or when the only evidence of a defendant's culpable mental state is circumstantial and that evidence provides a basis for a jury to rationally find a lesser culpable mental state. But I also believe that appellate courts must review a trial court's decision to give or to refuse an instruction on a lesser-included offense only for an abuse of discretion and find error only when the trial court's ruling is outside the zone of reasonable disagreement. Because I conclude that the trial court did abuse its discretion in its determination as to the second prong, I concur with the result in this case.