

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0435-11

**JOSHUA LEE GOAD, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## ECTOR COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion. ALCALA, J., filed a concurring opinion. JOHNSON, J., concurred in the judgment.

## O P I N I O N

The Eleventh Court of Appeals reversed Joshua Lee Goad's conviction for burglary of a habitation, holding that the trial judge erred by denying Goad's request for a lesser-included-offense instruction on criminal trespass.[1] We agree that Goad is entitled to an instruction on criminal trespass and therefore affirm the court of appeals's judgment.

---

[1] *Goad v. State*, 333 S.W.3d 361, 362-64 (Tex. App.—Eastland 2011).

## BACKGROUND

Julie Bickle and her friend, Ami Howsey, were at Bickle's house in Odessa one afternoon having coffee. Bickle's eight-year-old son, who was home early from school, was on a couch in the living room watching television. The kitchen and the living room comprise a large open space in the house, and Bickle could see her son on the couch from where she and Howsey were having coffee in the kitchen.

Goad and his friend came to Bickle's house and knocked on the door. When Bickle answered, Goad said his pit bull was missing and asked her if he could search her house. Bickle, who knew Goad because he lived in the neighborhood, told him that she did not have his dog and denied his request to come inside. Goad became upset and an argument ensued. During the argument, which lasted about five minutes, Goad called Bickle some "choice words" and said she was "going to get hers." After Goad and his friend left, Bickle and Howsey moved Howsey's car around to the other side of the house to make it look like no one was home in hopes that Goad would not bother them further.

Fifteen minutes later, Bickle saw the window curtains behind the couch in her living room start to move. Howsey saw Goad and his friend stick their heads through the window. Goad had knocked out a plastic window covering and started "coming through" the window. Bickle started screaming, and Goad and his friend retreated through the backyard and drove off in Goad's girlfriend's car. Bickle called the police, who eventually apprehended Goad.

The State charged Goad with burglary of a habitation. The indictment alleged that Goad had entered Bickle's house with intent to commit theft. At trial, Bickle, her son, and Howsey testified to the facts set out above. Odessa Police Officer Tommy Jones, who had followed up on Bickle's call, testified that he believed Goad's behavior was consistent with one who was entering another's home to steal property. At the charge conference, the trial judge denied Goad's request for an instruction on criminal trespass. The jury convicted Goad and sentenced him to twenty years' imprisonment.

Goad appealed, arguing, among other things, that the trial judge erred by denying his request for a lesser-included-offense instruction. The court of appeals agreed, holding that the jury rationally could have found Goad guilty only of criminal trespass because the jury could have believed that Goad was looking only for his dog.[2] It relied on the following to support that Goad lacked intent to commit theft: Bickle testified that Goad and his friend came to her house prior to the break-in and told her that they were looking for Goad's dog. Bickle knew that Goad kept dogs as pets. When Bickle refused to let Goad and his friend into her home, Goad became upset and argued with Bickle for about five minutes. Goad and his friend then attempted to enter Bickle's home only fifteen minutes later. There was no evidence that Goad had burglar's tools or "anything with which to carry away stolen property."[3] When Bickle yelled at Goad as he was climbing through her window, Goad

---

[2] *Id.* at 363.

[3] *Id.* at 364.

retreated and did not actually take anything from Bickle's home. We granted the State's petition for discretionary review of the following ground: "Does a trial court abuse its discretion by refusing to submit a lesser included instruction that is only 'supported' by unrelated hearsay admitted through the victim?"

## LESSER-INCLUDED-OFFENSE INSTRUCTION

Determining whether a defendant is entitled to a lesser-included-offense instruction requires a two-part analysis.[4] We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense.[5] If so, we must decide whether the admitted evidence supports the instruction.[6]

Criminal trespass can be a lesser-included offense of burglary of a habitation.[7] "An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."[8] A person commits the offense of criminal trespass if he "enters . . . property of another, including residential land [or] a building . . . without effective consent and the person had notice that the entry was

---

[4] *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007).

[5] *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 535.

[6] *Rice*, 333 S.W.3d at 144.

[7] *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Day v. State*, 532 S.W.2d 302, 304-06 (Tex. Crim. App. 1976).

[8] TEX. CODE CRIM. PROC. art 37.09(1); *accord Rice*, 333 S.W.3d at 144.

forbidden or received notice to depart but failed to do so."[9] The State charged Goad with "intentionally or knowingly, without the effective consent of Julie Bickle, the owner, enter[ing] a habitation owned by Julie Bickle, with intent to commit the offense of theft."[10] The offense of criminal trespass is established by proof of the facts of burglary of a habitation as Goad was charged, less proof of the specific intent to commit theft.[11]

The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense.[12] "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."[13] We consider all of the evidence admitted at trial, not just the evidence presented by the defendant.[14] The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense.[15] "Anything more than a scintilla of evidence is sufficient to entitle a

---

[9] TEX. PENAL CODE § 30.05(a).

[10] *See* TEX. PENAL CODE § 30.02(a)(1) (providing the offense of burglary of a habitation).

[11] *See Aguilar*, 682 S.W.2d at 558; *Day*, 532 S.W.2d at 304-06.

[12] *Rice*, 333 S.W.3d at 145.

[13] *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).

[14] *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

[15] *Rice*, 333 S.W.3d at 145.

defendant to a lesser charge."[16]   However, we may not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted."[17]

Judge Alcala's concurrence argues that courts of appeals should apply an abuse of discretion standard in determining whether a trial judge erred by refusing a lesser-included-offense instruction.  But even if this were a preferable standard, it would affect neither our review of the court appeals's opinion nor the outcome in this case.  Moreover, we did not grant review to determine the proper standard of review, and neither party has briefed this issue.  Therefore, it would be inappropriate to address it.

The State argues that the evidence is insufficient to raise the issue of criminal trespass.  First, while conceding that a rational jury could infer from this evidence that Goad lacked intent to commit theft, the State contends that the evidence is not "affirmative evidence directly germane" to Goad's lack of intent to commit theft.  Second, it argues that the lack of evidence that Goad had burglar's tools or "anything with which to carry away stolen property" is not affirmative evidence from which a rational jury could find that Goad lacked intent to commit theft.  Third, the State argues that simply because Goad failed to steal property from Bickle as he was entering through the window is similarly insufficient to raise the issue of criminal trespass.  And fourth, the State points out that there was no evidence that Goad called for his dog or continued his argument with Bickle.

---

[16]   *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

[17]   *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994).

Even if we were to agree with the second through fourth points, our disagreement with the first is dispositive of the State's sole ground for review. Bickle's testimony that Goad had told her that he was at her house to look for his dog, argued with her for several minutes because he believed she was being unreasonable, and entered her home only fifteen minutes later is affirmative evidence directly germane to whether Goad lacked intent to commit theft.[18] This evidence would permit a rational jury to believe that Goad was only looking for his dog when he entered Bickle's home and therefore support a criminal trespass instruction.[19] We do not mean to suggest that had Goad broken into Bickle's home a month later, a rational jury could infer that Goad lacked intent to commit theft. But while a jury would have to infer that Goad was only looking for his dog when he entered Bickle's home fifteen minutes after he argued with her about being able to search her home for his dog, this inference would be rational based on the evidence admitted at trial.

A defendant's testimony that he lacked intent to commit a felony when entering another's property is sufficient to support a criminal trespass instruction.[20] But we disagree

---

[18] *See Hampton*, 109 S.W.3d at 441.

[19] *Cf. Waddell v. State*, 918 S.W.2d 91, 94 (Tex. App.—Austin 1996, no pet.) (holding that testimony about defendant's statement that he was looking for his sister's cat, combined with the defendant's sister's testimony that she sent him to look for her cat, rationally supported an inference that he lacked intent to commit theft).

[20] *See, e.g.*, *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991) ("Appellant testified that he did not intend to commit theft on the complainant's property."); *Moreno v. State*, 702 S.W.2d 636, 640 (Tex. Crim. App. 1986) (appellant testified that he entered neighbor's mobile home to investigate curious events); *Day v. State*, 532 S.W.2d 302, 306-07 (Tex. Crim. App. 1975) (appellant testified he entered

with the State that direct evidence of the defendant's lack of intent to commit theft when entering another's home, such as the defendant's testimony, is necessary to support a criminal trespass instruction. We must consider all of the evidence admitted at trial, not just the direct evidence of a defendant's intent.[21] Moreover, we previously have held that a victim's testimony about what the defendant said to her was affirmative evidence of the defendant's lack of intent and thereby supported a lesser-included-offense instruction. In *Schmidt v. State*,[22] we concluded that the defendant, charged with retaliation for services as a prospective witness, was entitled to a lesser-included-offense instruction on assault.[23] The victim testified that she and the defendant, her boyfriend, were arguing about their relationship problems when the defendant struck her and that the defendant said nothing to her during the argument about her giving a statement to the police.[24] We held that the victim's testimony was affirmative evidence directly germane to whether the defendant lacked intent to threaten his girlfriend for her services as a prospective witness and that a jury rationally could infer from that evidence that he lacked that intent.[25]

---

restaurant to investigate what appeared to be a break-in).

[21] *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

[22] 278 S.W.3d 353 (Tex. Crim. App. 2009).

[23] *See id.* at 364.

[24] *Id.* at 363-64.

[25] *Id.* at 364.

The State relies on *Mays v. State*[26] to argue that even if Bickle's testimony supports that Goad was looking for his dog when he first arrived at Bickle's home, it is not affirmative evidence that he had that same intent at the moment when he entered her home fifteen minutes later. However, *Mays* is not analogous. In *Mays*, the appellant was charged with capital murder and requested, but was denied, lesser-included-offense instructions on manslaughter and criminally negligent homicide.[27] The appellant relied on evidence that he had been diagnosed with psychosis, paranoid ideations, and a thought disorder to support his contention that he lacked the requisite mental state for capital murder when he killed the victim.[28] We held that this was not affirmative evidence that the appellant "did not intend [the victim's] death or know that it was reasonably certain to occur" at the time he killed the victim.[29] But in the present case, Bickle's testimony that Goad stated he was looking for his dog is affirmative evidence of Goad's mental state when he entered Bickle's home fifteen minutes after his statement.[30]

Furthermore, the State's reliance on Officer Jones's testimony that Goad's behavior was consistent with someone casing a home to burglarize is misplaced. This evidence is not

---

[26] 318 S.W.3d 368 (Tex. Crim. App. 2010).

[27] *Id.* at 386.

[28] *Id.*

[29] *Id.* at 387.

[30] *See Schmidt*, 278 S.W.3d at 363-64.

dispositive of our inquiry because it would, at most, contradict the theory that Goad was just looking for his dog.[31] It does not mean the jury could not rationally believe that Goad was just looking for his dog. Resolving conflicts in evidence is the jury's job, not ours when determining whether the evidence supports a lesser-included-offense instruction.[32]

Finally, even assuming that Goad intended to look for his dog upon entry into Bickle's home, it is arguable that this does not necessarily prove that he did not also intend to commit theft. This argument would fail because, even if one could not logically deduce from this evidence that Goad must have lacked intent to commit theft, that is not the proper standard of our analysis.[33] The relevant inquiry is whether there is some evidence that would permit a rational jury to believe that Goad's intent was to commit criminal trespass.[34] The evidence supports an inference that Goad was looking for his dog, and a jury that accepted this inference could rationally believe Goad lacked intent to commit theft.[35]

**CONCLUSION**

---

[31] *Banda*, 890 S.W.2d at 60.

[32] *See id.*

[33] *See Rice*, 333 S.W.3d at 145.

[34] *Id.*

[35] *See Schmidt*, 278 S.W.3d at 363-64; *Waddell*, 918 S.W.2d at 94.

The court of appeals did not err in holding that the evidence supports a lesser-included-offense instruction on criminal trespass. We therefore affirm the court of appeals's judgment.


DATE DELIVERED: November 9, 2011
PUBLISH