# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00428-CR

**Dromico Andree Washington a/k/a Andrew Washington a/k/a
Dromico Andrew Washington, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 66578, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Dromico Andree Washington a/k/a Andrew Washington a/k/a Dromico Andrew Washington, Sr. of burglary of a habitation and sentenced him to fifteen years' imprisonment. Because we agree with Washington that the trial court improperly denied his request for a jury instruction on a lesser-included offense, we reverse and remand for a new trial.

### Summary of the Facts

Washington and the complainant Anna Sanders had been in a relationship for about five years before the evening of April 6, 2010, and had lived together on and off. Sanders testified that at the time of the incident, she had moved into a new house and that only she and her children were listed on the lease. Sanders decided to end the relationship because Washington became violent and controlling, but when she told him he was no longer welcome at her house, he made her feel

guilty, said he would have nowhere to live, and told her, "I get mail here. You can't kick me out. You have to make me leave." She looked into eviction but could not afford the process, so instead she changed the locks, moved his belongings into a storage unit, had his mail forwarded to an earlier address, and got an alarm system. Sanders testified that in 2009 and 2010, the police came to her house "numerous times" due to disturbances involving Washington. Although she obtained a protective order against him, he continued to come to the house and be abusive and threatening. She also testified that when they fought, he would take her cell phone so that she could not call the police and that she had to replace her phone six times in less than four years.

At about 3:00 a.m. on April 6, 2010, Sanders arrived home late after driving a friend home from the airport. She and the friend who had stayed with Sanders's children were in Sanders's garage talking and smoking cigarettes when they heard a loud "boom," realized someone had kicked in the back door to the house, and then saw Washington kick in the door from the house into the garage. Sanders and her friend testified that Washington charged at Sanders and struggled with her over her phone. Sanders's friend ran inside and called the police. Sanders testified that Washington left after telling her that he was going to kill her. Sanders said that if her friend had not been there to call the police, she believed Washington would have seriously injured or even killed her. Two police officers who responded to the scene saw minor scratches on the inside of Sanders's arm and testified that the back door and the door from the house into the garage had been kicked in or otherwise forced open.

Washington admitted that he entered the house, asserting athat he still lived there and that Sanders had never told him that she did not want him there. He said that not all of his belongings had been moved into the storage unit and that he still received mail at Sanders's house

2

at the time. Washington testified that even after this incident, he continued going over to the house, cooking, cleaning, and helping get the children ready for school. He admitted that he forced open two doors, by kicking one and by forcing the other open with his shoulder, saying he was angry at Sanders for "messing around with" someone else, but denied that he touched her or tried to take her cell phone away. He said he "walked in, said what I had to say, and I left."

**Discussion**

In his second issue, Washington argues that he was improperly denied a jury instruction on the lesser-included offense of criminal trespass. We agree.

An offense is a lesser-included offense if it is proved by evidence of the same or fewer facts required to prove the charged offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). Criminal trespass can be a lesser-included offense of burglary of a habitation.[1] *Id.* A defendant is entitled to an instruction on a lesser-included offense if "the offense contained in the requested instruction is a lesser-included offense of the charged offense" and if the evidence supports the instruction. *Id.* "The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense," and there must be evidence "'directly germane'" to the lesser-included offense before the instruction is warranted. *Id.* (quoting *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)) (evidence "must establish that the lesser-included offense is a valid, rational alternative to the charged offense").

---

[1] *Compare* Tex. Penal Code § 30.02(a) (person commits burglary if he enters habitation without owner's effective consent and commits, intends to, or attempts to commit felony, theft, or assault), *with id.* § 30.05(a) (person commits criminal trespass if he enters property without owner's effective consent and knew entry was forbidden or does not leave when told to depart).

"A defendant's testimony that he lacked intent to commit a felony when entering another's property is sufficient to support a criminal trespass instruction," and the defendant need not present direct evidence of his lack of intent. *Id*. at 447-48. We will not consider the credibility of the witnesses or the evidence or resolve evidentiary conflicts. *Id.* at 446-47 (quoting *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994)).

The State focuses on whether there was evidence Washington knew he lacked Sanders's consent to enter her house but ignores the effect of Washington's testimony that he did not intend to commit theft or assault and instead that he merely told her to stop seeing another man and then left.[2] As in *Goad*, the offense of criminal trespass was established by proof of the facts of the burglary charge, less proof of an intent to commit theft or assault. *See id.* at 446. Thus, there is some evidence in the record that could have allowed a rational jury to determine that Washington lacked the required mens rea for burglary and was guilty only of criminal trespass. *See id*. The trial court erred in refusing Washington's request for that instruction. *See id.* at 446-48. We sustain Washington's second issue on appeal.[3]

---

[2] Washington testified that he kicked in the door because he was upset that Sanders was seeing someone new, saying, "I just wanted my family back. That's it. I didn't want nothing else." He also testified that he did not touch Sanders and that he "walked in, said what I had to say, and I left." He denied taking or trying to take her phone and also said he was not aware that Sanders no longer wanted him at the house. The State asked him why he went to confront Sanders, and he said, "I just went and told her . . . don't be with him anymore."

[3] Due to our resolution of his second issue, we need not consider Washington's first issue.

## Conclusion

Because we agree with Washington that on this record he was entitled to an instruction on the lesser-included offense of criminal trespass, we reverse the trial court's judgment and remand the cause for a new trial.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin and Field

Reversed and Remanded

Filed:   August 29, 2013

Do Not Publish