Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00327-CR

Ismael Marcos **GARZA**, Sr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 10-07-10507-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   March 14, 2012

AFFIRMED

Ismael Marcos Garza, Sr. appeals from his conviction for manslaughter and sentence of

twenty years' imprisonment.  We affirm the trial court's judgment.

### ANALYSIS

Garza raises a single issue on appeal, asserting the trial court erred in refusing his request

for a lesser-included offense instruction on criminally negligent homicide.  Garza was indicted

for murder, but was convicted of the lesser-included offense of manslaughter.  *See* TEX. PENAL

CODE ANN. § 19.02(b)(2) (West 2011) (a person commits murder if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual); *Id.* at § 19.04(a) (West 2011) (a person commits manslaughter if he recklessly causes the death of an individual). In addition to the submitted instruction on manslaughter as a lesser-included offense of murder, Garza also requested a jury instruction on criminally negligent homicide as a lesser-included offense. *See* TEX. PENAL CODE ANN. § 19.05(a) (West 2011) (a person commits criminally negligent homicide if he causes the death of an individual by criminal negligence). The trial court denied the request, finding that criminally negligent homicide was not raised by the evidence.

In reviewing a trial court's denial of a requested instruction on a lesser-included offense, we engage in a two-part analysis, determining (1) whether the offense is a lesser-included offense of the charged offense, which is a question of law, and, (2) if so, whether there is some evidence in the record that supports giving the lesser-included offense instruction. *Goad v. State*, No. PD-0435-11, 2011 WL 5375119, at *2 (Tex. Crim. App. Nov. 9, 2011); *Hall v. State*, 225 S.W.3d 524, 535-37 (Tex. Crim. App. 2007). "A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall*, 225 S.W.3d at 536 (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

Under the first step of the analysis, the court compares the elements of the greater offense as alleged in the indictment with the elements of the potential lesser-included offense as stated in the Penal Code. *Hall*, 225 S.W.3d at 535 (holding the cognate pleadings approach is the correct

test for determining whether an offense is a lesser-included offense of a greater charged offense); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006) (defining a lesser-included offense). In the second step, we ask whether any evidence was adduced at trial that would permit a jury to rationally find that the defendant, if guilty, is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536; *Bignall*, 887 S.W.2d at 23-24. There must be some evidence directly germane to the lesser-included offense before an instruction is warranted. *Goad*, 2011 WL 5375119, at *2 (citing *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser-included charge, and a defendant's testimony alone may be sufficient to raise an issue. *Hall*, 225 S.W.3d at 536; *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). The evidence must also establish that the lesser-included offense is "a valid, rational alternative to the charged offense." *Hall*, 225 S.W.3d at 536 (quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) (quoting *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997)). The court determines whether the lesser offense is a valid, rational alternative to the charged offense by examining the evidence tending to support the lesser offense in the context of all the evidence presented at trial; the court does not make any credibility assessments when conducting the lesser-included analysis. *Goad*, 2011 WL 5375119, at *2; *Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009).

Turning to the second prong first, we consider the record to determine whether there is some evidence which would permit a jury to rationally find that Garza is guilty *only* of criminally negligent homicide. *Hall*, 225 S.W.3d at 536. The degree of culpable mental state required for criminally negligent homicide is less than the culpable mental states required for murder and manslaughter, which require intentional conduct and reckless conduct, respectively.

TEX. PENAL CODE ANN. §§ 6.03(a) (West 2011), 19.02(b)(2) (murder); *id.* at §§ 6.03(c) (West 2011), 19.04 (manslaughter). A person engages in intentional conduct when it is his conscious desire to cause the result. *Id.* at § 6.03(a). A person acts recklessly when he is aware of, but consciously disregards, a substantial and unjustifiable risk that his conduct will cause a certain result to occur. *Id.* at § 6.03(c). A person acts with criminal negligence if he ought to be aware of a substantial and unjustifiable risk that his conduct will cause a particular result, but fails to perceive the risk. *Id.* at § 6.03(d) (West 2011) ("[T]he risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.").

Garza argues that because he testified he did not intend to kill Munoz, and stabbed him because he thought Munoz "was going to mess with him," that shows he acted negligently, failing to perceive the substantial risk that his conduct could cause Munoz's death; therefore, he was entitled to a charge on the lesser offense of criminally negligent homicide. Garza overlooks the requirement that there must be evidence that he was guilty *only* of criminally negligent homicide; in other words, there must be some evidence on which the jury could have rationally acquitted Garza of the greater offenses of murder and manslaughter, while convicting him of the lesser offense of criminally negligent homicide. *See Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). To make such a finding, the evidence must establish criminally negligent homicide as a valid, rational alternative to the two greater offenses. *Hall*, 225 S.W.3d at 536.

At trial, Garza admitted stabbing Munoz once in his upper chest, and it was undisputed that Munoz suffered serious bodily injury, the severance of a major artery, which resulted in his death shortly after being stabbed. Garza testified to prior interactions with Munoz in the months

preceding the stabbing, stating that Munoz had stolen a guitar from Garza's house, had stolen Garza's wallet, and used to "mess with" Garza by poking him with a screwdriver; Garza also testified that Munoz was a gang member. On the day of the stabbing, Garza, who had been drinking beer, was a backseat passenger in a parked car when a truck pulled up alongside the car with Munoz in the passenger seat. Garza testified he saw Munoz bend down as if looking for something under the seat and he thought Munoz was reaching for his screwdriver, so Garza got out of the car. Garza stated he pulled out his knife as soon as he stepped out of the car, walked over to the passenger side of the truck, and reached into the car and stabbed Munoz in the upper right chest; Munoz fell back in the seat and died shortly after. Garza admitted this was the first time he had seen Munoz since Munoz stole his wallet, but denied he was angry. Garza also testified that he did not want to kill Munoz, but thought Munoz was going to hurt him. Garza conceded that Munoz did not say or do anything to him on the day of the stabbing. The driver of the truck testified he heard Garza say, "You stole my wallet" before he stabbed Munoz; he did not hear Munoz say anything to Garza. Other witnesses testified they saw Garza walk up to the truck where Munoz was seated and reach into the open window, make a quick action, and walk away. Finally, Garza stated that he carries the knife for protection when he leaves the house, has had the knife for quite a while, and uses it every day at his ranch; he has never had to use the knife to defend himself. Garza received an instruction on self-defense and a lesser-included instruction on recklessly causing Munoz's death, i.e., manslaughter, based on his direct testimony he did not intend to kill Munoz. The jury rejected Garza's claim of self-defense, and found him guilty of manslaughter.

There is no evidence that Garza was unaware of the risk that death could result from his act of stabbing Munoz. Garza admitted to the intentional act of stabbing Munoz; he never said

the stabbing was an accident. Although Garza stated he did not mean to kill Munoz, Garza never stated he did not know that stabbing someone could cause their death. The evidence that Garza used the knife often and had owned it for a long time supports a reasonable inference that he was familiar with its properties and aware of its ability to cause serious bodily injury and death. Further, the evidence showed Garza was the aggressor on that day. Instead of remaining in the car, Garza got out, immediately pulled out his knife, and directly walked up to the passenger window of the truck, reached inside and stabbed Munoz. All the witnesses testified the incident was over in a matter of seconds, and that Munoz did not say or do anything to provoke Garza. There was no evidentiary basis for the jury to acquit Garza of the greater offenses of murder and manslaughter, while convicting him of criminally negligent homicide because it is not a valid, rational alternative to the two greater offenses. *See Hall*, 225 S.W.3d at 536; *see also Mathis*, 67 S.W.3d at 925. Because we conclude there is no evidence that Garza was guilty ***only*** of criminally negligent homicide, we conclude the trial court did not err in denying Garza's request for an instruction on criminally negligent homicide. Accordingly, we overrule Garza's sole issue on appeal.

Based on the foregoing reasons, we affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH