# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00285-CR

**Larry D. Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 10-232-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Larry D. Williams guilty of two counts of aggravated assault with a deadly weapon, found that he used a deadly weapon, and assessed punishment at ten years in prison for each count and a $10,000 fine for count two only.[1] By his sole issue on appeal Williams contends that the trial court erred by failing to instruct the jury on the lesser-included offense of assault. We will affirm the judgment.

## BACKGROUND

Because of the limited scope of this appeal, we need not fully recount the evidence in this case concerning the history of the business and neighborly relationship between appellant and Vicente Guzman, one of the victims of his assault. Appellant met Guzman and his family when they

---

[1] With respect to count two, the jury also recommended community supervision.

moved in across the street from appellant. Their relationship developed into a business arrangement, which then fell apart. By the time of the incident at issue, appellant was putting signs in his and his neighbors' lawns calling Guzman a thief, among other things.

One day, Guzman had his family over for a cookout. He saw one of appellant's signs in a neighbor's yard. That neighbor walked outside and pointed at the sign, Guzman laughed, and the neighbor threw the sign away. Guzman testified that appellant then began walking toward the neighbor's trash can and yelling at Guzman and his family, "You mother fuckers. I'm going to kill you mother fuckers. I'm going to put you in the fucking grave." Guzman testified that appellant pulled the sign out of their mutual neighbor's trash, pointed a gun at Guzman and his family members, and put the sign back in the neighbor's yard.

Gerardo Gonzales testified about the same incident. He said appellant came over to Guzman's house and was waving a gun around. He saw appellant point the gun at the Guzman family group, but could not say if appellant targeted any one of them in particular. Gonzales said that appellant threatened them all and that he felt personally threatened with bodily injury. Gonzales testified that he took a cousin's young child into the house.

Another neighbor testified that she saw appellant waving a gun around while yelling at other neighbors who appeared to feel threatened by him, though in the "three seconds" she was watching, she did not see him point the gun at them. She agreed that appellant was "definitely" threatening the neighbors with the gun. A second neighbor heard appellant yelling and stating that he had a concealed-carry permit, but she did not see the gun until the police arrested appellant. A

2

police officer who was dispatched to the scene testified that he did not see appellant threaten anyone, but did find a gun in appellant's pocket.

Appellant testified that the incident began when he went to replace one of his signs in a neighbor's yard. He said that Guzman and family yelled at him, so he responded in kind. Appellant admitted carrying the gun with him and said that Guzman knew he carried a gun. Appellant said that he did not remember displaying the gun and did not point the gun at or threaten them with it.

## STANDARD OF REVIEW

We review the district court's decision not to instruct the jury on a lesser-included-offense for abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). A trial court may instruct the jury on a lesser-included offense if (1) the offense in question is a lesser-included offense under article 37.09 of the Texas Code of Criminal Procedure, and (2) the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser-included offense. *See Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). This two-pronged test is often referred to as the *Aguilar/Rousseau* test. *See id.* (citing *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

3

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. art. 37.09. A person commits the offense of misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another or threatens another with bodily injury. *See* Tex. Penal Code § 22.01(a)(l)(2). A person commits the offense of aggravated assault if he commits misdemeanor assault and either: (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during commission of the assault. *See id.* § 22.02(a). In the context of this case, appellant must show evidence that he threatened his victims with bodily injury without using or exhibiting a gun.

Because the parties agree that assault by threat is a lesser-included offense of aggravated assault by threat, we will focus on whether sufficient evidence adduced at trial supported giving the instruction on the lesser-included offense to the jury. *Hall*, 225 S.W.3d at 536. The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser included offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Id.* Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider

4

before an instruction on a lesser-included offense is warranted." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This standard is satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Goad*, 354 S.W.3d at 446. We consider all of the evidence admitted at trial, not just the evidence presented by the defendant. *Id.* However, we may not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted." *Id.* at 446-47.

**DISCUSSION**

Appellant contends that the trial court erred by not instructing the jury on the lesser-included offense of misdemeanor assault. He contends that the following passages from his testimony provided evidence on which the jury could have found that he did not threaten Guzman and Gonzales with a gun:

A: I walked off my property with my gun in my pocket, but it was not intentional. I wasn't going to threaten them, or threaten anybody for that matter. It's just that I always kept my gun when I was out on my property. . . . And so I went back, thinking I'd done nothing wrong, just waiting for them [the police] to come because they came and they would go back.

. . . .

Q: Did you ever take that gun out and show Mr. Guzman?

A: I don't remember doing it, but I can not swear that I did not take it out because it was a lot of cursing and hollering and arguing. And I was trying to tell them "Don't come on my property." I said, "Do not come on my property. I'm warning you, don't come on my property, because I'm going to try to protect my property."

. . . .

5

Q: You were asked about whether or not you thought you pointed the gun at these individuals. Do you remember that?

A: Uh-huh. Yes.

Q: And your response was 'I don't believe I did.'

A: No, I do not.

Q: Do you remember if you did or not?

A: Well, I believe I would. That's why I said that.

Q: You also said that you don't remember doing it, in terms of—

A: Don't remember doing what?

Q: Pulling the gun out.

A: No. I don't remember pulling the gun out. But I do know this. I do know that they knew I had the gun, and I reiterated, but I didn't go up there to threaten them. I went up there to put the sign back up.

. . . .

A: Yes, I walked off the property with the gun.

Q: Why did you walk off the property?

A: Because I was trying—I was going to put the sign back up, and I was going to talk to my friend who lived at that residence. We had just been playing dominoes. And when I—and when I walked off the property I was actually going to talk to him. And, probably out of just inattention to what I was doing. I didn't even think about the gun was even in my pocket. I was simply going to talk to the friend.

Q: Well, at some point you do know that you pulled the gun out of your pocket, don't you?

A: I don't know that.

Q: Do you remember telling Officer Nate Zoss that you did, in fact, pull the gun out of your pocket?

6

A:  I don't remember saying that.

. . . .

Q:  Do you or do you not remember displaying your handgun, waving it around, and pointing it at the Guzmans on February 15?

A:  I know I did not point it at them.

Q:  Did you wave it around for them?

A:  I'm not sure.

Q:  Did you threaten them with it?

A:  No.

The aggravated assault statute does not require a showing that the defendant pointed a gun at someone or even used the weapon as part of the threatening action. *See* Tex. Penal Code § 22.02. It permits a conviction if the defendant threatens someone with serious bodily injury while merely exhibiting a deadly weapon. *See id.* Evidence that appellant did not threaten the neighbors at all would tend to show him not guilty of any type of assault, and so would not entitle him to a lesser-included offense of assault. Evidence that appellant did not move the gun, point it at, or threaten to shoot the neighbors does not negate the possibility that he used or exhibited the gun in the course of the assault. *See Gaston v. State*, 672 S.W.2d 819, 821 (Tex. App.—Dallas 1983, no pet.); *see also Montgomery v. State*, 99 S.W.3d 257, 262 (Tex. App.—Fort Worth 2003, no pet.) (defendant can be found guilty of aggravated assault even if he merely held the gun or displayed it in the waistband of his pants while threatening his victim).

Appellant never stated that he did not exhibit the handgun while threatening his neighbors. He admitted that he had the gun with him when he left his property and that his neighbors knew that he had the gun. He said "I don't remember [taking the gun out and showing it to Mr. Guzman], but I can not swear that I did not take it out." His strongest denial came when he said "I know I did not point it at them," but that does not show that he did not "exhibit" the gun while threatening them. Appellant denied "threatening" the neighbors with the gun, but that denial came immediately after his admission that he was "not sure" whether he might have "wave[d] it around for them." None of this evidence would permit the jury to find him guilty of assault but not of aggravated assault.

The trial court did not err by declining to instruct the jury on the lesser-included offense of assault.

## CONCLUSION

We affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   June 21, 2013

Do Not Publish

8