# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00072-CR

**Xavier Coffee, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. D-1-DC-12-203283, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Xavier Coffee appeals his conviction for robbery, for which he was sentenced to six years' imprisonment. *See* Tex. Penal Code § 29.02. In a single point of error, appellant challenges the trial court's denial of his request for a jury instruction regarding the lesser-included offense of Class B misdemeanor theft. *See id*. § 31.03(e)(2)(A)(i). We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The jury heard evidence that at the time of the incident in question, the victim, Pastor Ibarra-Flores, was walking through the ground-floor parking lot of the Budget Inn in Austin on the way back to his second-floor motel room after getting ice from the vending machine when he was confronted by appellant, whose genitals were exposed. Ibarra-Flores, a Spanish-speaker, allegedly could not understand what appellant was saying to him in English, but noticed that appellant kept gesturing to Ibarra-Flores's genitals. Ibarra-Flores, who had his cell phone in hand,

told appellant in Spanish that he was going to call the police, at which point appellant reached over and "snatched" his cell phone away from him. Ibarra-Flores then asked appellant, in English, to return his phone. The State and appellant are in dispute as to what happened next. Ibarra-Flores testified that upon being asked to return Ibarra-Flores's phone, appellant responded by demanding money and forcefully grabbing Ibarra-Flores by the neck, leaving a visible injury and causing pain. Appellant testified, however, that upon being asked to return the phone, appellant simply refused and proceeded to climb the stairway to his own room, which by coincidence was located on the second floor next to Ibarra-Flores's room. It is undisputed that Ibarra-Flores then followed appellant up the staircase. Once the two men reached the second floor, they were seen by Richard Green, one of the motel's employees who was patrolling the property. Green testified that he saw appellant from approximately 20 feet away with his hand around Ibarra-Flores's throat, aggressively pressing him against the wall between their two rooms. Green observed Ibarra-Flores attempting to push appellant off of him in order to avoid appellant's efforts to force him into appellant's motel room. Green approached the two men and ordered appellant to turn Ibarra-Flores loose, at which point appellant released him. Ibarra-Flores then went to his room and used his cousin's phone to call 911.

At trial, appellant's counsel twice requested a specific jury instruction on Class B misdemeanor theft, which pertains to theft of property valued between $50 and $500, as a lesser-included offense of robbery. *See id*. § 31.03(e)(2)(A)(i). Although the trial court denied these requests, it did instruct the jury on the lesser-included offense of "theft from the person," a state-jail felony pertaining to theft of property from the person of another. *See id*. § 31.03(e)(4)(B). The jury ultimately found appellant guilty of robbery.

2

**DISCUSSION**

Whether a defendant is entitled to a jury instruction on a lesser-included offense is subject to a two-pronged test: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if defendant is guilty, he is guilty only of the lesser offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

***Prong 1: Whether Class B Misdemeanor Theft is a Lesser-Included Offense of Robbery***

"An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *Goad*, 354 S.W.3d at 446. A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03(a). Theft of property valued between $50 and $500 is a Class B misdemeanor. *Id*. § 31.03(e)(2)(A). As charged in this case, a person commits robbery "if, *in the course of committing theft* . . . and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another." *See id*. § 29.02(a)(1) (emphasis added). "[I]n the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft." *Id*. § 29.01(1).

There is no dispute in the present case that Class B misdemeanor theft is a lesser-included offense of robbery. A robbery, by definition, can only be committed "in the course of committing theft . . . ." *Id*. § 29.02(a). Additionally, the Texas Court of Criminal Appeals has

held that when theft is alleged as part of an indictment for robbery, "[t]heft . . . is necessarily included in the alleged elements of the greater offense of robbery." *Earls v. State*, 707 S.W.2d 82, 84-85 (Tex. Crim. App. 1986). In the present case, the indictment stated that appellant, "while *in the course of committing theft* of property, and with the intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly caused bodily injury to [the victim] by grabbing the neck of [the victim]." (Emphasis added.) Therefore, the first prong of the lesser-included offense analysis is met with regard to an instruction on Class B misdemeanor theft.

### Prong 2: Whether Evidence Exists in the Record that Would Permit a Jury Rationally to Find that if Appellant is Guilty, He is Guilty Only of the Lesser Offense of Class B Misdemeanor Theft

Because the first threshold prong of the lesser-included offense test has been satisfied, we must consider whether evidence exists in the record that would permit a jury rationally to find that appellant was guilty of only Class B misdemeanor theft and not robbery. *See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). To that point, "there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Id*. (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). While this threshold is relatively low, the evidence must establish that the lesser-included offense on which defendant requests an instruction is "a valid, rational alternative to the charged offense." *Rice*, 333 S.W.3d at 145.

In the present case, appellant challenges the denial of his specific request for an instruction on Class B misdemeanor theft as a lesser-included offense to robbery. The theft statute makes clear, however, that in the event that property is "stolen from the *person* of another," regardless of value, the theft is a *state-jail felony*, not a misdemeanor. Tex. Penal Code § 31.03(e)(4)(B). We need not analyze the propriety of the instruction that the court gave on "theft from the person" because that instruction is not at issue on appeal. We need only consider whether any affirmative evidence exists in the record to suggest that appellant is guilty only of the lesser-included offense of Class B misdemeanor theft as opposed to robbery.

In this regard, appellant points to two pieces of evidence: (1) the 911 call that Ibarra-Flores made to report the incident, and (2) a statement made by an Austin Police Department (APD) robbery detective. Appellant contends that the first part of Ibarra-Flores's 911 call, in which he stated that "a black guy took [his] telephone and [didn't] want to give it back," calls into question the sequence of events surrounding the theft and assault. Appellant takes issue with the fact that it was only after the 911 operator handling Ibarra-Flores's call asked him if the phone had been taken from his hand that Ibarra-Flores answered affirmatively, stating that appellant took the phone "by force" and hit him and tore his shirt. Appellant argues that the jury could have rationally believed that Ibarra-Flores's description of appellant's assaultive behavior was a reference only to what happened on the second floor of the motel after the theft had been effectively completed. Under these circumstances, appellant contends, the jury could have rationally concluded that the theft and the assault were two separate events, in which case appellant would not have been guilty of robbery because the assaultive behavior did not occur "in the course of committing a theft." *Id*. § 29.02(a).

5

Even if this were true, however, it is not affirmative evidence that appellant committed *only* Class B misdemeanor theft, as the uncontroverted evidence showed that appellant took the phone from Ibarra-Flores's person.

Appellant also contends the jury could have rejected the portion of the 911 tape they heard at trial in which Ibarra-Flores confirmed that appellant took the phone from his hand, in favor of the more vague statement that Ibarra-Flores made at the beginning of the 911 call when he said simply that appellant "took [his] phone and [wouldn't] give it back." While appellant is certainly correct in his contention that a jury can selectively believe all or part of the evidence admitted at trial, *Bell v. State*, 693 S.W.2d 434, 443 (Tex. Crim. App. 1985), the Texas Court of Criminal Appeals recognized in *Skinner* that "[i]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." 956 S.W.2d at 543. Here appellant produced no affirmative evidence from which a jury could rationally conclude that he was guilty only of Class B misdemeanor theft. Again, the uncontroverted evidence showed that appellant took Ibarra-Flores's phone from his hand, thereby committing at least "theft from the person," on which the jury in fact received instruction as a lesser-included offense to robbery.

Appellant next points to an APD robbery detective's statement that a robbery did not seem to have occurred, but that the incident sounded to him more like a theft and a separate assault than robbery. Appellant asserts that this statement constitutes evidence from which a jury could rationally conclude that appellant was guilty of the lesser-included offense of Class B misdemeanor

6

theft rather than robbery. It is a logical fallacy, however, to suggest that the robbery detective's offhand statement of opinion constitutes affirmative evidence from which a jury could rationally have concluded that appellant committed *only* Class B misdemeanor theft. It is merely evidence that, based on what he had been told at the time, he believed that an assault had occurred, which, if anything, would support an instruction on assault, not misdemeanor theft. In fact, the APD detective who responded to the crime scene, Heather Schouest, testified at trial that the determination was made that the incident was initially classified as "misdemeanor assault and *theft from person*." Moreover, the robbery detective's conclusion was based neither on observations he made at the crime scene nor on discussions he had with either Ibarra-Flores or appellant personally. Rather, his opinion was based on a preliminary account of the incident relayed by Schouest, who was on the scene and personally believed based on her own independent investigation that a robbery had in fact occurred. Schouest further testified that the robbery detective's opinion was based on an incomplete account of the incident, as she had not conveyed all of the information surrounding the incident to him before he determined that his expertise was not needed on the scene.

For the reasons stated above, appellant's requested jury instruction on the lesser-included offense of Class B misdemeanor theft therefore fails the second prong of the analysis. Accordingly, we overrule appellant's single point of error.

## CONCLUSION

The trial court did not err in refusing to grant appellant's request for a jury instruction on the lesser-included offense of Class B misdemeanor theft. We therefore affirm the trial court's judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 19, 2014

Do Not Publish