ACCEPTED
06-14-00102-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/9/2015 11:10:57 AM
DEBBIE AUTREY
CLERK

Cause No. 06-14-00102-CR

**************

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/10/2015 11:10:57 AM

DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

***************

TYRELL SMITH

VS.

THE STATE OF TEXAS

**************

Appealed from the 71st Judicial District Court of

Harrison County, Texas

Trial Court No. 12-0351X

Appellant does not request oral argument.

Cause No. 06-14-00102-CR

| | | |
|---|---|---|
| TYRELL SMITH | § | IN THE COURT OF |
| VS. | § | APPEALS, SIXTH DISTRICT |
| THE STATE OF TEXAS | § | STATE OF TEXAS |

## NAMES OF ALL PARTIES AND ATTORNEYS

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant certifies that the following is a true and correct list of all parties to the trial court's final judgment, and their counsel:

TYRELL SMITH, Appellant
Harrison County Jail
P.O. Drawer R
Marshall, Texas 75671

THE HONORABLE Brad Morin, Trial Judge
200 W. Houston
Marshall, Texas 75670

Mr. Coke Solomon, Harrison County District Attorney
Mr. Shawn Connally and Mr. Tommy Jackson, Assistants
Attorney for the State at Trial
200 W. Houston
Marshall, Texas 75670

SCOTT RECTENWALD, Appellate attorney for TYRELL SMITH
110 W. Fannin St.
Marshall, Texas 75670

# **TABLE OF CONTENTS**

NAMES OF ALL PARTIES...............................................................  2

TABLE OF CONTENTS.................................................................  3

INDEX OF AUTHORITIES.............................................................  4

PRELIMINARY STATEMENT........................................................  5

POINTS  PRESENTED ..................................................................  5

STATEMENT OF FACTS............................................................... 5

POINT NUMBER ONE ................................................................. 9

SUMMARY OF ARGUMENT........................................................  9

ARGUMENT AND AUTHORITIES ..........................................   10

PRAYER...................................................................................... 18

CERTIFICATE OF SERVICE........................................................ 19

CERTIFICATE OF COMPLIANCE WITH T.R.A.P.  9.4............................ 19

# INDEX OF AUTHORITIES

**CASE AUTHORITIES:**                                               Pages

Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App.1985)               12

Day v. State, 532 S.W.2d 302 (Tex.Crim.App.1976)                    12, 15

Goad v. State, 354 S.W.3d 443 (Tex.Crim.App. 2011).         11,12, 15, 16, 18

Hall v. State, 225 S.W.3d 524, 528 (Tex.Crim.App.2007)       10, 11, 13, 14, 15

McKithan v. State, 324 S.W.3d 582, 588 (Tex.Crim. App.2010)            11

Pollard v. State, 392 S.W.3d 785 (Tex.App.- Houston 10th Dist.-
2012, pet. ref'd)                                                       11

Rice v. State, 333 S.W.3d 140, 144 (Tex.Crim.App.2011)                  10

Salazar v. State, 284 S.W.3d 874, 877–78 (Tex.Crim.App.2009)         11-12

Schmidt v. State,  278 S.W.3d 353 (Tex.Crim.App.2009).                 18

State v. Meru, 415 S.W.3d 159 (Tex.Crim.App. 2013)                  12, 13


**STATUTES AND CODES**:

**Texas Code of Criminal Procedure** Art. 37.09 (O'Connor's 2013-14)  10, 13, 14

**Texas Penal Code**  §30.02 (O'Connor's 2013-2014)                    13

**Tex. Pen.Code** §30.05 (O'Connor's 2013-2014)                     12, 13

## PRELIMINARY STATEMENT OF THE CASE

Appellant TYRELL SMITH appeals his conviction for Burglary of a Building.   Appellant elected to represent himself at trial, but did not appear following jury selection. (RR Vol. III, Page 11).  The Court entered a plea of not guilty on behalf of the Appellant, and appointed counsel to proceed in defense of Appellant's case (RR Vol III, Page 13).   The jury found the Appellant Guilty, and assessed Appellant's sentence at twenty four months in the state jail and a Ten Thousand Dollar ($10,000.00) fine. (RR Vol. III, Pages 168 and 180).  This is a direct appeal.

## POINTS OF ERROR

### ISSUE NUMBER ONE

Did the Court commit reversible error when it refused to submit Criminal Trespass as a lesser included offense in the charge to the jury?

## STATEMENT OF FACTS

Appellant was indicted on a single count of burglary of a building, a rental

house owned by Phillip Allen. (CR Vol. I, Page 2). The Court entered a plea of "Not Guilty" on behalf of the Defendant (RR Vol. III, Page 13).

The State's case consisted largely of circumstantial evidence:

Phillip Allen testified that in the early afternoon of June 9th, his son noticed a reflection of light on the storm door of the little rental cottage that they owned near their home. (RR Vol. III, Page 22-3) No one had been over to the cottage in several days, and the cottage was usually closed up. He walked about 125 yards from his home to the cottage to investigate (RR Vol. III, Page 23), and there he found the air conditioning unit along with some other items of property in the front yard. (RR Vol. III, Page 24). He attempted to call 911, but the call did not go through, so he then called his father-in-law and let him know that he suspected somebody was down their road. Id. Mr. Allen then noticed a gold or bronze Buick road master parked about 100 yards away, and made another attempt to call 911, finally getting through, and giving the dispatcher the license plate number of the car (RR Vol. III, Page 25). While on the phone with the 911 dispatcher , Mr. Allen saw a person walk out of the woods to the Buick (State's Exhibit 1 and RR Vol .III, Page 28), which he later identified as the Appellant (RR Vol. III, Page 29, State's Exhibit 3). Appellant exited the woods along a pipeline right of way (RR Vol. III, Page 46), not more than ten yards from the Buick (RR Vol. III, Page

47).   The trunk to the Buick was closed (RR Vol. III, Page 46).   He attempted to make contact with Appellant,  but Appellant sped off.  (RR Vol. III, Page 29). Allen's father in law attempted to block the Buick in on their road, but unsuccessfully (RR Vol. III, Page 31).     An air conditioning unit, a mitre saw, and a camp stove that had previously been in the cottage were lying in the front yard. (RR Vol. III, Page 27).  The items were located on the north side of the house (RR Vol. III, Page 38), and because it had been several days since they had been to work on the house, Mr. Allen could not positively say that the items had been left in the yard on that particular day.  (RR Vol. III, Page 39).  Additionally, the front door to the cottage was left unlocked, and when Mr. Allen approached the house, he did not see anybody in the house (RR Vol. III, Page 38) . Mr. Allen could see the only two doors to the house as he approached it (RR Vol. III, Page 39-40) and never saw anybody running from the house (RR Vol. III, Page 48) . Even Allen admitted the possibility that Appellant did not remove the items from the house that were left in the yard  (RR Vol. III, Page 51), but he also stated that nobody, including Appellant,  had permission to be parked in his woods, around his house, or on his property (RR Vol. III, Page 55).

Don Dowdell, Mr. Allen's father in law,  only saw the Appellant as he left the location.  When he received a call from his son in law, he parked near

Highway 59 and Loden Road, and observed the parked bronze/ gold Buick. (RR Vol. III, Page 59)   He observed a man coming out of the woods, getting into the Buick, and speeding off.  Id.      Dowdell attempted to block the person in to detain him until law enforcement arrived (RR Vol. III, Page 60) .  He later identified the Appellant as the person in question from a police lineup.  (RR Vol. III, Page 61, 64 and State's Exhibit 4).  As he observed Appellant walking to his vehicle, Appellant  appeared to be alone, not carrying any tools, and the Appellant did not appear to be sweaty or dirty (RR Vol. III, Page 70-71).  He did not see Appellant go into the house, or take anything out of the house (RR Vol. III, Page 74).

No usable finger prints were found on items at the cottage (RR Vol. III, Page 80), and no footprints were noted around the cottage (RR Vol. III, Page 109). Furthermore, no open windows (that would have provided an escape route for any would be burglar)  were noted at the cottage.  (RR Vol. III, Pages 105-7) However, the license plate number that Phillip Allen provided to police returned as being a dealer's tag from GT & Sons Auto, (RR Vol. III, Page 80)  and GT personnel advised that the vehicle had been sold to Appellant (RR Vol. III, Page 81).

During the charge conference, trial counsel requested that an instruction on the lesser included offense of criminal trespass be included in the charge. (RR Vol.

III, Page 145-6) The request was denied (RR Vol. III, Page 146), and following argument of counsel and deliberation, the Jury returned a verdict of "guilty" on the offense of Burglary of a Building (RR Vol. III, Page 168).

After a brief punishment phase, the Jury assessed punishment at 24 months in the state jail and a $10,000 fine (RR Vol. III, Page 180).

## ISSUE NUMBER ONE

Did the Court commit reversible error when it refused to submit Criminal Trespass as a lesser included offense in the charge to the jury?

## SUMMARY OF ARGUMENT

Because criminal trespass is a lesser included offense of burglary under the cognate pleadings approach and the functional equivalence test, and because the evidence demonstrated that criminal trespass was a valid rational alternative to the charged offense, the Court committed a reversible error by failing to allow a criminal trespass instruction in the jury charge.

**ARGUMENT**

Determining whether a defendant is entitled to a lesser-included-offense instruction requires a two-part analysis. The Court must first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. If so, the Court must decide whether the admitted evidence supports the instruction. Hall v. State, 225 S.W.3d 524, 528 (Tex.Crim.App.2007), Rice v. State, 333 S.W.3d 140, 144 (Tex.Crim.App.2011). The first prong of the analysis is a question of law, and the second prong requires a determination of fact. Hall, at 535.

A.    **Step 1 - Lesser included offenses and Proof of the same or less than all the facts**

Texas Code of Criminal Procedure Art. 37.09. defines lesser included offenses:

> "An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense." Tex.Code Crim.Proc. Art. 37.09 (O'Connor's 2013-14)

An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Goad v. State, 354 S.W.3d 443 (Tex.Crim.App. 2011). The Courts use the "Cognate Pleadings" test to make this determination - that is, if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts, including descriptive averments that are alleged for purposes of providing notice, from which all of the elements of the lesser-included offense may be deduced. Pollard v. State, 392 S.W.3d 785 (Tex.App.- Houston 10th Dist.- 2012, pet. ref'd). As stated in Hall v. State, 225 S.W.3d 524 (Tex.Crim.App. 2007) the elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment. The "functional-equivalence" concept can be employed in the lesser-included-offense analysis. When utilizing functional equivalence, the court examines the elements of the lesser offense and decides whether they are "functionally the same or less than those required to prove the charged offense." McKithan v. State, 324 S.W.3d 582, 588 (Tex.Crim. App.2010) For instance, the Court of Criminal Appeals held in Salazar v. State that the notice element of trespass could be deduced from the elements of burglary of a habitation because a habitation, by its nature, inherently gives notice that entry without

consent is forbidden. Salazar v. State, 284 S.W.3d 874, 877–78 (Tex.Crim.App.2009).

As it applies to Appellant's case, a person commits the offense of criminal trespass if he "enters ... property of another, including residential land [or] a building ... without effective consent and the person had notice that the entry was forbidden or received notice to depart but failed to do so." Tex. Pen.Code §30.05. The State charged that Smith " did then and there with intent to commit theft enter a building or a portion of a building not then opened to the public, without the effective consent of Phillip Allen, the owner thereof." (RR Vol. III, Page 13) The offense of criminal trespass is established by proof of the facts of burglary as Smith was charged, less proof of the specific intent to commit theft. See Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App.1985) ("Criminal trespass can be a lesser included offense of burglary of a building."), Day v. State, 532 S.W.2d 302 (Tex.Crim.App.1976), and Goad, at 448-9.

The Court of Criminal Appeals has recently muddied the waters concerning whether Criminal Trespass is a lesser included offense of Burglary with it opinion in State v. Meru, 415 S.W.3d 159 (Tex.Crim.App. 2013). The Court held that on the facts of that case, Criminal Trespass was not a lesser included offense of Burglary of a Habitation for the reason that the element of "entry" did not have the

same definition for both offenses - "entry" in the context of Criminal Trespass requires entry of the whole body of the actor, while "entry" in the context of Burglary of a habitation requires only the instrusion of any part of the body. See Meru at 163, as well as Texas Penal Code §30.05(b)(1) and §30.02(b). The Court conducted its analysis under Tex.Code of Crim.Proc. 39.07(1).

As noted in Justice Alcala's concurrence in Meru, the Court missed the boat:

> "I would hold, as this Court has for decades, that criminal trespass can be a lesser-included offense of burglary under an indictment that generally pleads entry without further requiring the State to plead that term's definition because the element of entry for trespass is functionally equivalent to that element for burglary." Meru at 166

In other words, Appellant Tyrell Smith could reasonably deduce from the term "enter" in the State's indictment, that entry would include entry of Smiths whole body.

The question present in this case was thoroughly analyzed in Hall . The Hall Court stated in its analysis:

> In Texas, an offense is considered to be included within another if, among other things, "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged [.]" Art. 37.09(1) (West 1981). Our statute law thus describes includedness in much the same way *Blockburger* describes sameness. Yet we have long considered more than merely statutory elements to be relevant in this connection. (Citations Omitted)  We acknowledge, for example, that other critical elements of an accusatory pleading, such as time, place, identity,

manner and means, although not statutory, are germane to whether one offense includes another under Texas law and to whether several offenses are the same for jeopardy purposes. (Citations Omitted). We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course, always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged (Citations Omitted)." Hall at 534.

Article 37.09 reads: "An offense is a lesser included offense if: (1) it is established by proof of **the same** or less than all **the facts** required to establish the commission of the offense charged" (emphasis added) While it is logically true that not all burglaries will necessarily involve the *element* of entry required by the criminal trespass statute (i.e. full body entry), the proof of the facts of every criminal trespass, with the addition of the proof of "intent to commit theft," will necessarily prove the facts of a burglary.

In other words, burglary can be proven by different manner or means :

Burglary *can* be proven upon the following facts: (manner and means version 1)

(1)  Entry into a building of the whole body
(2) with intent to commit theft
(3) without effective consent of the owner

Burglary *can also* be proven upon these facts: (manner and means version

2)

      (1)  Entry into a building by intrusion of less than the whole body

      (2) with intent to commit theft

      (3) without effective consent of the owner

As stated in Hall, more than merely statutory elements are relevant : Criminal trespass can be established by proof of the same facts as version 1, less intent to commit theft.  Goad at 446 , and Day at 315-16  . The facts provable  for "entry" required in a criminal trespass is a sub-set of the facts which could provide the element of "entry" in a burglary.   The term "entry" can be both element and descriptive fact concerning how the offense was committed and from which can be deduced "entry of the whole body," unless the State had plead something more restrictive as the manner or means in its indictment, which was not this situation in Appellant Smith's case.

## B. Step 2- The Admitted Evidence in Smith's Case Supported the Instruction

The Court of Criminal Appeals succinctly stated the standards for the second prong of the analysis in Goad v. State:

> "The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense.[FN12] "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." [FN13] We

consider all of the evidence admitted at trial, not just the evidence presented by the defendant.[FN14] The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense.[FN15] "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." [FN16] However, we may not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted." [FN17]" Goad 446-447, (citations referenced by footnotes omitted)

Appellant Smith's case clearly had evidence directly germane to the lesser included offense instruction. The uncontested testimony from Phillip Allen was that no one had been over to the cottage in several days, and the cottage was usually closed up. His attention was drawn to the house by his son, who said he saw flash from the door of the residence. (RR Vol. III, Page 22-3) Although Mr. Allen saw Appellant walk out of the woods to the Buick (State's Exhibit 1 and RR Vol .III, Page 28), (RR Vol. III, Page 29, State's Exhibit 3), Appellant exited the woods several hundred yards down the road along a pipeline right of way (RR Vol. III, Page 46) The trunk to the Buick was closed (RR Vol. III, Page 46), and Mr. Allen did not see anybody flee from the house from the only two doors when he approached (RR Vol. III, Page 38) and (RR Vol. III, Page 39-40). Although an air conditioning unit, a mitre saw, and a camp stove that had previously been in the cottage were lying in the front yard. (RR Vol. III, Page 27) on the north side of the house (RR Vol. III, Page 38), Mr. Allen could not positively say that the items

had been left in the yard on that particular day that he saw the Appellant. (RR Vol. III, Page 39). Additionally, the front door to the cottage was generally left unlocked (RR Vol. III, Page 38). Even Mr. Allen admitted the possibility that Appellant did not remove the items from the house that were left in the yard (RR Vol. III, Page 51)

As Mr. Dowdell observed Appellant walking to his vehicle, he appeared to be alone, not carrying any tools, and the Appellant did not appear to be sweaty or dirty (RR Vol. III, Page 70-71). He did not see Appellant go into the house, or take anything out of the house (RR Vol. III, Page 74). No finger prints were found on items at the cottage (RR Vol. III, Page 80), and no footprints were noted around the cottage (RR Vol. III, Page 109). Furthermore, no open windows (that would have provided an escape route for any would be burglar) were noted at the cottage. (RR Vol. III, Pages 105-7)

Under the facts of this case, there was plenty of evidence by which a rational jury could have concluded that Appellant had only intruded into the house without any intent to commit theft. The uncontested evidence admits the possibility of another intruder who had entered days before to commit burglary, and that Smith merely entered later with no particular intent - lacking tools; lacking property from the residence; showing no obvious signs of effort, like dirt

or sweat, to gain entry to the residence; and showing no signs of intent to carry away property, like an open trunk on a getaway car. The evidence also admits the possibility that Smith never entered the house, but rather entered the residential property surrounding the house without consent of the owners, but without any intent to steal - the long distance from the house where Smith was observed, and the observation by Allen that nobody fled from the house as he approached. Even a victim's testimony can provide the evidence germaine to the lesser included offense. Goad at 448, and Schmidt v. State, 278 S.W.3d 353 (Tex.Crim.App.2009).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests that the Court review the foregoing point of error, reverse and remand this case for a new trial, and grant such other relief to which the Appellant is entitled.

RESPECTFULLY SUBMITTED,

SCOTT RECTENWALD
110 W. Fannin
Marshall, Texas 75670
(903) 938-3300
(903) 938-3310- FAX

/S/ Scott Rectenwald
Scott Rectenwald
SBOT # 00794510

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the

foregoing Brief was delivered to the office of the Prosecutor on February 9th ,

2015.

/S/ Scott Rectenwald

## Certificate of Compliance with T.R.A.P 9.4(i)(3)

The undersigned hereby certifies Compliance with T.R.A.P 9.4(i)(3), and that the

number of words in this document is 3,692.

/S/ Scott Rectenwald